NATIONAL G. A. BANK, Appellant, *v.* RAYMAN, Respondent.

**Poor Debtors — Examination and Discharge — Appeal — Review.**
  With reference to the examination and discharge of persons confined in
  jail on civil process, § 5547, Comp. L., provides that, "if upon such
  examination the judge before whom the same is held, shall be satisfied the
  prisoner is entitled to his discharge, he shall administer to him" the statu-
  ·tory oath.   Under this section when an order of discharge has been made
  upon conflicting evidence, the only exception being to the final order, the
  supreme court cannot examine the evidence for the purpose of ascertain-
  ing whether a different conclusion might not have been reached.   In such
  a case the only inquiry is, is the order supported by any competent evi-
  dence ?   If it is, it must be affirmed, otherwise, reversed.   CARLAND, ROSE
  and TEMPLETON, JJ., dissenting.

(Argued Feb. 5, 1889; affirmed Feb. 19, 1889; opinion filed Oct. 10, 1889.)

APPEAL from an order of the judge of the third judicial dis-
trict discharging the respondent from imprisonment on
execution in a civil action.

*Ball, Wallin & Smith,* for respondent.

The conclusions of fact drawn by appellant from the evidence
are erroneous.

The question as to whether or not it appeared upon respondent's
examination that he had disposed of property "with a design to
secure the same to his own use, to hinder, delay or defraud cred-
itors," is not reviewable here.   Petition of Haywood, 10 Pick.
. 358; Cannon v. Sevino (Me.), 4 Atl. Rep. 789 ; C. C. Pro., § 725.

An examination of appellant's authorities shows them dis-
tinguishable from the case at bar.

*D. H. Twomey* and *J. B. & W. H. Sanborn,* for appellant.

The appellant complains that the respondent was discharged
when it clearly appeared from the examination that he had con-
veyed, concealed and disposed of large amounts of his property,
with the design to secure the same to his use, to hinder, delay and
defraud his creditors.   This state of facts conclusively appears
from the record.

He could not truthfully take the oath prescribed by section 725,
C. C. Pro.   The order discharging him was erroneous.   Marr v.
Clark, 56 Me. 542, 545 ; Little v. Cochran, 24 id. 509 ; Ledden

v. Hanson; 39 id. 357; Rev. St. Maine, 1883, p. 849, § 30; In Matter of Watson, 2 E. D. Smith, 229, 429, 436; Matter of Brady, 69 N. Y. 215, 218; Matter of Brady, 8 Hun, 437; Matter of Fowler, 8 Daly, 548; People v. White, 14 How. Pr. 500; Maas v. La Torr, 6 Abb. Pr. (N. S.) 219; Bullymoore v. Cooper, 46 N. Y. 246, 248; In re Fitzgerald, 8 Daly, 188; Duckerhoff v. Ahlborn, 2 Abb. N. C. 373; Maas v. O'Brien, 14 Hun, 95; Gitske v. Brooks, 40 How. Pr. 165 ; Reford v. Cramer, 1 Vroom, 250; Rev. St. N. J., p. 499, §§ 9, 11, 15; Fletcher v. Bartlett, 10 Gray, 491; Dennis' Case, 110 Mass. 18; Morory's Case, 112 id. 394; Public St. Mass., p. 946, § 29; *Ex parte* McClenachan, 2 Yates (Penn.), 502; Purdon's Digest, p. 510, §§ 20, 21; p. 38, § 63; Bunker v. Nutter, 9 N. H. 557.

It was claimed below and held, that the respondent was entitled to his discharge upon a showing of his inability to pay the judgment, although the facts were that he had concealed, conveyed away, or disposed of $50,000 of his property with a design to secure the same to his use, to hinder, delay or defraud his creditors. It was urged in support of this, that to hold otherwise would result in the perpetual imprisonment of a debtor. This position is unsound: (1) Under the authorities. (2) Upon the reading of the statute itself. (3) Upon principles of public policy.

SPENCER, J. The defendant was arrested upon an order of arrest issued in this action, before judgment, under the provisions of § 149, chap. 11, Code Civ. Proc. (§ 4945, Comp. Laws), on the ground that he had fraudulently contracted the debt sued upon, and had disposed of his property with intent to defraud his creditors. Judgment having been recovered in the action, and execution against his property having been returned unsatisfied, he was arrested and imprisoned by virtue of an execution issued against his person. Thereupon he applied for his discharge, under the provisions of the Code of Civil Procedure in regard to " relief of persons confined in jail on civil process " (§§ 721–727, Code Civ. Proc.; §§ 5543–5549, Comp. Laws), and an order was duly made and entered for his examination. He was examined and cross-examined, as were also witnesses called by either party; the parties, respectively, appearing by attorney. Upon the close

of the examination, the defendant's counsel moved that defendant be permitted to take the oath provided by the statute, and be thereupon discharged from further imprisonment. To this the plaintiff objected, on the ground that the evidence showed that he had fraudulently disposed of his property with intent to defraud his creditors, and had failed to account for a large portion of his property, and had concealed property with intent to secure it to his use, and that the evidence was insufficient to sustain a decision permitting the oath to be administered to the defendant and directing him to be discharged, and that the oath, if taken, would be untrue. The court overruled the objection of plaintiff, and administered the oath to the defendant, and directed his discharge from further imprisonment under said execution. To this ruling and decision the plaintiff excepted. No other exceptions appear in the record.

By section 5547 of the Compiled Laws it is provided that "if, upon such examination, the judge before whom the same is held shall be satisfied that the prisoner is entitled to his discharge, he shall administer to him the following oath, to-wit : ' I do solemnly swear (or affirm) that I have not any estate, real or personal, to the amount of ten dollars, except as by law is exempt from levy and sale on execution, and that I have not any other estate, nor have I conveyed, concealed, or in any way disposed of my property, real or personal, with design to secure the same to my use, to hinder or delay or defraud my creditors. So help me God.' " Under this provision of the law, if the judge, upon the evidence adduced upon the examination, shall be judicially satisfied that the prisoner can truthfully take such oath, he is to administer it to him, and discharge him from further confinement.

The examination is in the nature of a trial, and the judge acts judicially.

The evident design of the law, in regard to the confinement of persons on execution against the person in civil causes, is to furnish judgment creditors, in the instances specified in section 4945 of the Compiled Laws, extraordinary remedies for the recovery of their debts. The judgment creditor, in the cases specified, may deprive his debtor of his liberty until he satisfies the tribunal provided for that purpose that he has not any property exceeding $10 in value exempt from execution, and that he has not concealed or

otherwise disposed of any of his property with design to secure to his use, to hinder or delay or defraud his creditors. In the cases specified he is subject to imprisonment at the mere will of his creditor, and may be released by him at his pleasure. The judge may also order his discharge from confinement where, after examination, he shall be satisfied of his honesty.

In the case at bar, the judge, after hearing all the evidence, was satisfied that the defendant could take the oath provided by the law in such cases, and he administered it to him, and ordered his discharge. The evidence was very full. No objections or exceptions were taken to any part of it, so far as the record discloses.

This court cannot examine the evidence for the purpose of ascertaining whether, as a matter of fact, a different conclusion from that arrived at in the district court, or before the district judge, would have been proper, or a different conclusion might have been reached ; but only so far as to ascertain whether or not errors of law were committed in the trial court upon exceptions properly taken — whether the trial court exercised an unreasonable or unjust discretion.

The judge, having the power, under the law, to order the discharge of the prisoner, if he was satisfied from the examination that he was entitled to it, made such order. The exception to his decision in this regard presents the only question, viz.: Was there, as a matter of law, sufficient evidence to sustain his finding ?

The evidence was somewhat conflicting, and from it it is not improbable that different persons would arrive at different conclusions. But this forms no reason in law for the reversal by this court of the finding of fact of the trial judge. This court is not authorized to make other or different findings of fact, nor are we at liberty to examine the record for the purpose of determining whether a state of facts, the converse of those found, might not have been arrived at, but only to ascertain whether the facts as found are supported by any competent evidence. For this purpose we have examined the record, and are of the opinion that the evidence is sufficient to sustain the conclusions arrived at by the trial judge, and that he committed no error. The judgment of the district judge must, therefore, be affirmed. All of the justices concurring, excepting CARLAND, ROSE and TEMPLETON, JJ., dissenting. Judgment affirmed.